NO. 3-21CV0620-G

*FILED MAR 16 2021, CLERK, U.S. DISTRICT COURT, NORTHERN DISTRICT OF TEXAS*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# (DALLAS DIVISION)

**THE ESTATE OF CHARLES MARTIN**
Plaintiff,

v.

**RBR MAINTENANCE, INC.**
Defendants.

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES **THE ESTATE OF CHARLES MARTIN**, hereinafter called Plaintiff, complaining of and about defendant **RBR Maintenance Inc.** ("RBR"), hereinafter called the Defendant, and for cause of action shows unto the Court the following:

**I.**

**NATURE OF THE CASE**

1.1. This employment age discrimination case and OSHA retaliation lawsuit is brought by Plaintiff's who are relatives of a former employee of Defendant, RBR. Plaintiffs bring this age and employment discrimination, OSHA retaliation case against RBR Maintenance pursuant to pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 e-5 (f) (3) and the Civil Rights Act of 1991 ("Title VII"), the Texas Labor Code §§21.051 and Texas Labor Code §§21.055. Plaintiffs also bring this discrimination on the basis of age in employment and retaliation case against RBR Maintenance pursuant to 41 U.S.C. § 1981.

1.2 Furthermore, Company maintains a discriminatory workplace in which they are constantly subjecting to discrimination and bias because of their age.

Plaintiff's husband worked for RBR from 2013 through 2017, when he was discharged because of age. Mr. Charles Martin was a 66-year-old man who was blamed and ultimately terminated for the error caused by the Company. The Company is using illegitimate, discriminatory reasons related to age as a pretext to explain how Mr. Martin got hurt. He was being wrongfully blamed for causing his own injury. RBR's actions against are in retaliation for Plaintiff's attempting to blow the whistle on the Company's actions, for which she ultimately took the blame.

Plaintiffs have filed a discrimination charge with the EEOC on February 10, 2020.

## II.

## **PARTIES**

2.1. Plaintiff Estate of Charles Martin is an entity whose address is c/o Attorney Robert Jones at the address listed below.

2.2. Defendant RBR is a Texas corporation registered to conduct business under the laws of the State of Texas, with its principal place of business in Dallas, Texas. RBR may be served with process by and through its registered agent, Joe Burch, at 821 EWING ROAD FERRIS, TX 75125, or wherever they may be found.

2.3. Defendant is an "employer" within the meaning of Section 701 (a), (b), (g), and (h) of Title VII, 42 U.S.C. §§ 200 e —(a), (b), (g), and (h); and an "employer" as defined by Sections 21.00l(8)(D).

## III.

## **STATEMENT OF FACTS**

3.1. On or about August 16, 2016, Plaintiff worked for RBR and then experienced an unfortunate fall from one of the airplanes he was repairing. Subsequently, we were not given any medical treatment on the scene and he was left alone for 20 minutes while staff attended a company meeting. Later he was moved with no ambulance called and was taken to the hospital by personal vehicle. On August 16, 2017 he signed waiver paperwork to get paid through the end of that year. Plaintiffs are the wife and granddaughter of said Charles Martin. They are not referenced in the waiver he signed. While Plaintiffs husband has signed a waiver, she has not.

3.2. In any case, prior to his death, plaintiff endured excruciation pain due to his injured back and he had to have surgery on his fractured hip. Plaintiffs believe Defendants failed to adequately treat him because they did not act swiftly enough to treat him on the scene. Charles Martin's wife and her grandchild were

dependent upon his salary are now suffering as a result of his inability to work.

- Husband is unable to pay his bills
- The wife and family are suffering
- Mrs. Martin's live-in granddaughter cannot afford college, medical treatment and has no insurance.
- The family may have to file bankruptcy.

3.3. Since the day of the accident, the late Charles Martin prior to his untimely demise endured months of pain medication, treatment and therapy. Plaintiffs incurred substantial out-of-pocket expenses, and because of Defendants actions from the point physicians prohibited Charles Martin from working to the present, and as a result Charles Martin's family (the Plaintiffs) have lost thousands of dollars in potential income.

## IV.

## NATURE OF THE CASE AND JURISDICTION

4.1. This employment discrimination case and retaliation lawsuit is brought by Plaintiff who is a former employee of Defendant, RBR. Plaintiffs bring this, age and employment discrimination, OSHA retaliation case against RBR Maintenance pursuant to pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 e-5 (f) (3) and the Civil Rights Act of 1991 ("Title VII"), the Texas Labor Code §§21.051 and Texas Labor Code §§21.055. Plaintiffs also

bring this discrimination on the basis of age in employment and retaliation case against RBR Maintenance pursuant to 41 U.S.C. § 1981.

4.2 Furthermore, Company maintains a discriminatory workplace in which they are constantly subjecting to discrimination and bias because of their age. Plaintiff's husband worked for RBR from 2013 through 2017, when he was discharged because of age. Mr. Charles Martin was a 66-year-old man who was blamed and ultimately terminated for the error caused by the Company. The Company is using illegitimate, discriminatory reasons related to age as a pretext to explain how Mr. Martin got hurt. He was being wrongfully blamed for causing his own injury. RBR's actions against are in retaliation for Plaintiff's attempting to blow the whistle on the Company's actions, for which she ultimately took the blame.

4.3.   Plaintiff plan to file a discrimination charge with the EEOC.

## V.

## JURISDICTION AND VENUE

5.1 Jurisdiction is invoked pursuant to 28 U.S.C. §§ 451, 1331, and 1343. This action is authorized and instituted pursuant to Sections 706 (t) (1) and (3) of

17

the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(t) (1) and (3) ("Title VII"), and Section 21.254, Tex. Labor Code.

5.2 The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Texas.

5.3. This court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. § 1367(a) because they arise out of the same case or controversy.

## VI.

## **STATEMENT OF CLAIMS**

6.1. More than thirty days prior to the institution of this lawsuit, and within three hundred days from the date of the acts complained of herein, Plaintiff filed a charge with the Equal Employment Opportunity Commission alleging discrimination violations contained within by Defendant RBR. Plaintiff received their right to sue letter, which is attached to this complaint as **"Exhibit A."** All conditions precedent to the institution of this lawsuit have been fulfilled.

6.2. Plaintiff alleges that Defendant has engaged in unlawful employment practices, in violation of Sections 703(a)(l) and 704(a) of Title VII, 42 U.S.C. §§

2000e-2(a) and 2000e-3(a) and Section 21.051 of the Texas Labor Code. The unlawful practices under Title VII were to subject Mr. Charles Martin and other employees to age discrimination in employment, wrongful termination, and intentional infliction of emotional distress based on being injured on the job through no fault of their own and to subject Plaintiff to retaliation for engaging in a protected activity in reporting OSHA violations of the Company that may have contributed to her loved one's untimely death.

## VII.
### RESPONDEAT SUPERIOR AND RATIFICATION

7.1 Whenever in this complaint it is alleged that Defendant, RBR did any act or thing, it is meant that the Defendant's officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.

## VIII.
### EMPLOYMENT DISCRIMINATION CLAIM

17

## **UNDER TITLE VII**

8.1. Plaintiffs incorporates herein by this reference the allegations contained in the paragraphs above.

8.2. To establish a prima facie case of disparate treatment, Plaintiff must show that: (1) he belonged to a protected group; (2) he was qualified for the position; (3) she suffered an adverse employment action ; (4) others outside the class who were similarly situated were treated more favorably. See *Abarca v Metro. Transit Auth.*, 404 F.3d 938, 941 (5th Cir. 2005). Once burden-shifting takes place upon proving of a prima facie case, Plaintiff must prove that the legitimate reasons offered by Defendant were not the true reasons but were pretext for discrimination. See *Reeves v Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000).

8.3. Charles Martin was qualified to do the job he was hired for. There were all indications that her work performance was satisfactory. He was hurt on the job. He was not given proper safety equipment to prevent injury. He was not treated fairly due to his age.

8.4. Plaintiff further complains that the Defendant's actions violated the Texas Labor Code, Sections 21.051, regarding her husband's age. The discriminatory acts of RBR have caused Plaintiffs to suffer mental anguish, interest, inconvenience, emotional pain, suffering, loss of enjoyment of life, loss of consortium, post-traumatic stress disorder and humiliation.

8.5. Plaintiff seeks damages for these injuries in an amount within the jurisdiction of this Court. Furthermore, she is entitled to exemplary damages

from RBR because RBR acted with the malice required to support an award of punitive damages.

8.6. Plaintiffs have been damaged as a direct and proximate cause of these actions of RBR.

## IX.

## **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

9.1. Plaintiff incorporates herein by this reference the allegations contained in the paragraphs above intentionally or recklessly caused emotional distress to Plaintiff through their actions, conduct, and failure to act and protect Plaintiffs rights as an employee. Defendant's conduct was extreme and outrageous and proximately caused Plaintiffs severe emotional distress.

9.2. The Texas law tort of intentional infliction of emotional distress requires proof of the following elements: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) that conduct caused the plaintiff emotional distress; and (4) the emotional distress suffered by the plaintiff was severe. *Estate of Newton ex rel. Newton v. Grandstaff*, No. 3:10-CV-809-L, 2012 WL 3013929, at *7 (N.D. Tex. July 20, 2012) (Lindsay, J.) (citing *Twyman v. Twyman*, 855 S.W.2d 619, 621–22

(Tex.1993)). The Texas Supreme Court has recognized that an intentional infliction of emotional distress claim is "a 'gap-filler' tort, judicially created for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 68 (Tex. 1998) (emphasis added).

9 .2. Plaintiff suffered damages for which Plaintiff here sues of but not limited to mental anguish, interest, inconvenience, emotional pain, suffering, loss of enjoyment of life, loss of consortium, post-traumatic stress disorder and humiliation in amounts to be determined at trial.

## X.

### **RETALIATION**

10.1. Plaintiff incorporates herein by this reference the allegations contained in the paragraphs above.

10.2 As described above, in addition to age discrimination, Plaintiffs are being subjected to retaliation for engaging in a protected activity.

10.3. As described above, in addition to age discrimination, Plaintiffs are being subjected to retaliation for engaging in a protected activity. Texas law

17

prohibits employers from retaliating employees in their employ for raising awareness of any potential patterns and practices that may put persons at risk. When adjudicating whistleblower complaints under the six environmental whistleblower statutes, the Courts have relied on standards derived from discrimination case law as set forth under Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274 (1977); Price Waterhouse v. Hopkins, 490 U.S. 228 (1989); Texas Department of Community Affairs v. Burdine, 450 U.S. 248 (1981); and McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Abdur-Rahman v. Dekalb County, ARB Case Nos. 08-003, 10-074, 2010 WL 2158226, at *6 (Admin. Review Bd. May 18, 2010) (motion for reconsideration pending); Dartey v. Zack Co., No. 82-ERA-2, 1983 WL 189787, at *3-*4 (Sec'y of Labor Apr. 25, 1983).

10.4. Under these standards, a complainant may prove retaliation either by showing that the respondent took the adverse action because of the complainant's protected activity or by showing that retaliation was a motivating factor in the adverse action (i.e. a "mixed-motive analysis"). See, e.g., Abdur-Rahman, 2010 WL 2158226, at *6 (FWPCA case applying a mixed motive analysis); Higgins v. Alyeska Pipeline Serv. Corp., ARB Case No. 01-022, 2003 WL 21488356, at *4 (Admin. Review Bd. June 27, 2003) (explaining burdens of proof applicable

to claims under TSCA, SWDA, and CAA); Masek v. The Cadle Co., ARB Case No. 97-069, 2000 WL 562699, at *9-*10 (Admin. Review Bd. Apr. 28, 2000) (explaining burdens of proof applicable to claims under FWCPA, TSCA, CAA and CERCLA); Combs v. Lambda Link, ARB Case No. 96-066, 1997 WL 665483, at *1-*2 (Admin. Review Bd. Oct. 17, 1997) (applying mixed-motive analysis under CAA, TSCA, FWCPA)

10.5. If the complainant demonstrates that the respondent acted at least in part for prohibited reasons, the burden shifts to the respondent to prove by a preponderance of the evidence, that it would have reached the same decision even in the absence of protected activity. See, e.g., Dixon v. U.S. Dep't of Interior, Bureau of Land Mgmt., ARB Case No. 06-14706-160, 2008 WL 4124113, at *9-*10 (Admin. Review Bd. Aug. 28, 2008) (applying "mixed motive" analysis to claims under CERCLA and SDWA); Dartey, 1983 WL 189787, at *4 (discussing Mt. Healthy, 429 U.S. at 287). In such cases, the employer "bears the risk that `the influence of legal and illegal motives cannot be separated.' " Mackowiak v. Univ. Nuclear Sys. Inc., 735 F.2d 1159, 1164 (9th Cir. 1984) (ERA case)
(which quoted NLRB v. Transp. Mgmt. Corp., 462 U.S. 393, 403 (1983))

10.6. At the investigation stage, OSHA will dismiss the complaint unless

the complainant makes prima facie showing that protected activity was at least a motivating factor in the alleged adverse action. The complaint, supplemented as appropriate by interviews of the complainant, must allege the existence of facts and evidence to make a

prima facie showing as follows:

    (i) The employee engaged in a protected activity;

    (ii) The respondent knew or suspected that the employee engaged in the protected activity;

    (iii) The employee suffered an adverse action; and

    (iv) The circumstances were sufficient to raise the inference that the protected activity was a motivating factor in the adverse action.

The complainant will be considered to have met the required showing if the complaint on its face, supplemented as appropriate through interviews of the complainant, alleges the existence of facts and either direct or circumstantial evidence sufficient to give rise to an

inference that the respondent knew or suspected that the employee engaged in protected activity and that the protected activity was a motivating factor in the adverse action. The required showing may be satisfied, for example, if the complainant shows that the adverse action took place shortly after the protected

17

activity, giving rise to the inference that it was a motivating factor in the adverse action. OSHA will dismiss the complaint if a preponderance of the evidence shows that the respondent would have taken the same adverse action in the absence of the complainant's protected activity.

10.8. Charles Martin of equal employment opportunities, and otherwise adversely affect his status as an employee, because of his age and because of Plaintiffs participation in a protected activity.

10.9. Defendant's wrongful acts of retaliation have caused Plaintiff damages of but not limited to mental anguish, interest, inconvenience, emotional pain, suffering, loss of enjoyment of life, loss of consortium, post-traumatic stress disorder and humiliation.

10.10. Plaintiff seeks damages for these injuries in an amount within the jurisdiction of this Court. Furthermore, exemplary damages are required because Defendant acted with the malice required to support an award of punitive damages.

10.11. Texas law prohibits employers from retaliating against employees in their employ for raising awareness of any potential patterns and practices that may put persons at risk.

10.12. The effect of the practices complained of above has been to

deprive Charles Martin of equal employment opportunities, and otherwise adversely affect his status as an employee, because of his age and because of Plaintiffs participation in a protected activity.

The Law Office of Robert B. Jones III P.C.
2414 Emancipation Ave, Ste 203
Houston, TX 77004

United States District Court
1100 Commerce Street, Room 1452
Dallas, TX 75242