IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THE ESTATE OF CHARLES MARTIN,  ) | |
|     Plaintiff,  ) | |
| vs.  ) | No. 3:21-CV-620-G-BH |
|     ) | |
| RBR MAINTENANCE INC.,  ) | |
|     Defendant.  ) | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

### I. BACKGROUND

On March 16, 2021, this action was filed by counsel on behalf of an estate against a corporate defendant. (*See* doc. 2.) By *Notice of Deficiency and Order* dated March 22, 2021, counsel was notified that the plaintiff had not paid the filing fee. (*See* doc. 3.) The order specifically advised that the plaintiff must pay the filing fee within fourteen days, and that a failure to do so could result in the dismissal of the case. *Id.* No response was received. By *Second Notice of Deficiency and Order* dated April 12, 2021, counsel was again notified that the plaintiff had not paid the filing fee. (*See* doc. 4.) The order again specifically advised that the plaintiff must pay the filing fee within fourteen days, and that a failure to do so could result in the dismissal of the case. *Id.* Well more than fourteen days from the date of both orders have passed, but the plaintiff has not paid the filing fee, and nothing else has been filed in this case.

### II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua*

---

[1] By *Special Order No. 3-251*, this case has been automatically referred for judicial screening.

*sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff twice failed to comply with an order to pay the filing fee despite a warning that failure to do so could result in dismissal of the case.[2] Because it failed to follow a court order or otherwise show that it intends to proceed with this case, the case should be dismissed under Rule 41(b) for failure to prosecute or follow orders.

### III. RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff pays the filing fee within the time for objecting to this recommendation, or some other deadline set by the court.

**SO RECOMMENDED on this 24th day of May, 2021.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2] Only a natural person may qualify to proceed *in forma pauperis* under 28 U.S.C. § 1915. *See Rowland v. California Men's Colony*, 506 U.S. 194 (1993).

2

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE